**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAITLYN KILLGO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Cause No. 4:25-cv-01407** |
| **v.** | ) | |
| | ) | |
| **WASHINGTON UNIVERSITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

COMES NOW Defendant St. Louis County ("County"), by and through undersigned Counsel and pursuant to Federal Rule of Procedure 12(c), moves this Court for Judgment on the Pleadings dismissing the County from Count V (*Monell* liability) and Count VII ("conspiracy to deprive civil rights under 42 U.S.C. § 1983") of Plaintiff's Amended Complaint ("Complaint"), and in support states as follows:

1. The legal standard for a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Westcott v. City of Omaha*, 910 F.2d 1486, 1488 (8th Cir. 1990).

2. "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)).

3. As with a Rule 12(b)(6) motion to dismiss, when allegations in a complaint fail to state a claim, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

4. The legal arguments in support of the County's motion for judgment on the pleadings are set forth in the accompanying Memorandum of Law in Support of St. Louis County's Motion for Judgment on the Pleadings, which has been filed contemporaneously with this Motion and which is incorporated by reference herein.

5. On August 26, 2026, this Court issued its "Memorandum and Order" in response to motions to dismiss filed by various co-defendants in this case. (Doc. 60).

6. In its August 26, 2026 Order, this Court essentially resolved the two counts alleged against the County. *Id.*

7. First, as to Count V of Plaintiff's Complaint (alleging *Monell* violations against the County and co-defendant Washington University) this Court held that Plaintiff's arrest by co-defendant Eureka Police Officer Kuelker was lawful and supported by probable cause, that Eighth Circuit precedent has never found the "wanted" system to be facially unconstitutional, that Eighth Circuit precedent has not recognized a clearly established right to be free from a "wanted" arrest, and that absent an underlying constitutional violation, there was no *Monell* liability on the part of co-Defendant Washington University, and thus Count V shall be dismissed as against Washington University. (Doc. 60 at p. 9). As these are the same facts alleged against the County, Count V should be dismissed against the County as well. *Id.*

8. Plaintiff's claim asserting a *Monell* violation against the County cannot be sustained without facts alleging that the County violated her constitutional rights. *Whitney v. City of St.*

*Louis*, *Missouri*, 887 F.3d 857, 860-61 (8th Cir. 2018); *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017).

9. Count V also fails as a matter of law because “a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.” *Monell v. Dep’t of Soc. Servs.*, 436 U.S. 658, 691 (1978).

10. As to Count VII of Plaintiff’s Complaint (alleging a conspiracy to deprive Plaintiff of her civil rights cognizable under 42 U.S.C. § 1983), this Court dismissed Count VII in its entirety as to every other alleged co-conspirator (co-defendants Barnhouse, Kuelker, and Washington University). (Doc. 60, at p. 10).

9. This Court dismissed all of the other co-defendants in the conspiracy count of Plaintiff’s Complaint on the basis that Plaintiff alleged merely conclusory allegations and failed to allege facts indicating any “meeting of the minds” as required in a claim for a civil conspiracy under 42 U.S.C. § 1983. *Id*.

10. As a result of the Court’s August 26, 2026 Order, the County is the only remaining defendant under Plaintiff’s Count VII, and it is not possible for the County to enter into a civil conspiracy with itself. *See Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005).

11. Therefore, Plaintiff’s Count VII should be dismissed against the County as well.

WHEREFORE, for the reasons stated above and set forth in the accompanying Memorandum, Defendant St. Louis County respectfully requests this Honorable Court for an Order granting Judgment on the Pleadings in its favor on Counts V and VII of Plaintiff’s Amended Complaint and that both of these counts be dismissed against the County with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**DANA REDWING**
**COUNTY COUNSELOR**

By: /s/ *Nicholas C. Lindley*
Nicholas C. Lindley #63038
Susan K. Eckles #38641
Associate County Counselor
Office of the County Counselor
41 S. Central Avenue
Clayton, Missouri 63105
(314) 934-0476
SEckles@stlouiscountymo.gov
nlindley@stlouiscountymo.gov

*Attorneys for Defendants St. Louis County*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of October 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

/s/ *Nicholas C. Lindley*
Nicholas C. Lindley